PANDORA BOOKS, INC., Carl Reiff and Frank Yannucci, Plaintiffs,

v.

Eugene GOLD, District Attorney of Kings County, Detective James Murphy, New York City Police Department and Thomas E. Rosetti, as Property Clerk of the Police Department of the City of New York, Defendants.

No. 70 C 1525.

United States District Court,
E. D. New York.

Feb. 19, 1971.

---

Evseroff, Newman & Sonenshine, Brooklyn, N.Y., for plaintiffs; Gustave H. Newman, Brooklyn, N.Y., of counsel.

Eugene Gold, Dist. Atty., for defendants; Norman J. Rosen, Asst. Dist. Atty., of counsel.

BRUCHHAUSEN, District Judge.

The plaintiffs move for a preliminary injunction and other relief, stated in their notice of motion. In their complaint they allege, in substance, that the seizure of projectors and films without any prior adversary hearing to determine whether or not the films were obscene, constitutes a violation of the First, Fourth and Fourteenth Amendments of the Federal Constitution and of the Civil Rights Act of 1964 and 42 U.S.C. 1983.

The sole issue for determination is whether the plaintiffs were entitled to such hearing.

On the 8th day of December, 1970, Hon. Howard B. Gleidman, Judge of the Criminal Court, signed a search warrant, directing the seizure of six 8 mm silent color strip films. Prior to signing the warrant, the judge viewed the films. It was executed and the individual plaintiffs were arrested and charged with a violation of Section 235.05 of the Penal Law.

The officers seized a single copy of each of the six films and a total of five additional copies together with six projector viewers wherein the single copy of each respective film was contained. A total of $77.00 in coins was found in the six seized machines.

The thrust of the defendants' argument is that the material seized was and is to be used as evidence in the prosecution of the People's case against them.

The requirement of an adversary hearing, prior to seizure, must be considered in the light of the precise facts of each case. The plaintiffs have cited leading authority to sustain their position. These cases deal with situations wherein the allegedly obscene material was in public domain at the time of seizure or wherein massive seizures occurred. In such cases a hearing must first be held to determine whether the material about to be seized is in fact obscene. United States v. Pryba, D.C., 312 F.Supp. 466 and cases cited therein.

In the case at bar, the material seized were silent strip films, exhibited in individual projector viewers together with a total of $77.00 recovered in the six machines seized thus evidencing a lack of public interest in viewing the material. This differs from the occurrences disclosed in Astro Cinema Corp., Inc. v. Mackell, 2 Cir., 422 F.2d 293 wherein it was held that a sound film to be shown to a large public audience must be preceded by an adversary hearing to determine whether the showing is obscene.

The Second Circuit in Overstock Book Company, Inc. v. Barry et al., 436 F.2d 1289, decided December 23, 1970, reviewed all of the leading cases, pertaining to obscenity, clearly distinguishing when an

**898**

adversary hearing is mandated. The Court held in part at page 1295:

"* * *, United States v. Wild, 422 F.2d 34, 39 (2d Cir. 1969), expressly recognizes the legitimacy of seizures of evidentiary samples needed in a criminal prosecution. No case in this court or in the Supreme Court suggests the necessity for a prior adversary hearing before the issuance of warrants for such reasonable searches and seizures."

The Court further held in part at page 1296:

"The contention is that in the field of obscenity all steps in the normal processes of the criminal law must await the determination of obscenity in an adversary hearing. No authority has been called to our attention for this proposition."

This Court is cognizant of the admonition of the Second Circuit in Negron v. Wallace, 436 F.2d 1139 at page 1141, dated January 4, 1971, wherein the Court held in part:

"There is thus a responsibility, resting upon all counsel but especially upon those for civil rights organizations, not to swell the tidal wave of actions under the civil rights statute by bringing suits for declaratory or injunctive relief when no need for this exists. All too often we see a motion for a temporary injunction allegedly requiring the district judge to set all his other tasks aside and determine, in days or even hours, * * * a constitutional issue of great pith and moment that could have been considered, in a much more orderly fashion and with a better development of the facts, by the presentation of a defense in a state court, with ultimate review by the Supreme Court if that should prove to be required."

Upon due deliberation, it is ordered that the motion be and it is hereby denied.